**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ian Schaefer, | ) | No. CV-14-185-PHX-SMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| P.F. Chang China Bistro, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Ariel Taylor, | ) | No. CV-14-259-PHX-SMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| P.F. Chang China Bistro, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Guillermo Flores, | ) | No. CV-14-260-PHX-SMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| P.F. Chang China Bistro, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

///

Cases:
- Nathan Llanos v. P.F. Chang China Bistro, Inc. — No. CV-14-261-PHX-SMM
- Kristen Romero v. P.F. Chang China Bistro, Inc. — No. CV-14-262-PHX-SMM
- Andrew Fields v. P.F. Chang China Bistro, Inc. — No. CV-14-263-PHX-SMM
- Silvia Alarcon v. Arriba Enterprises, Inc., d/b/a Arriba Mexican Grill — No. CV-14-465-PHX-SMM

/////

/////

In this District, multiple civil actions have been filed under the Fair Labor Standards Act ("FLSA") raising similar legal issues. In the interest of judicial economy, all of these related FLSA cases were transferred to this Court for the purpose of managing, administrating, and resolving them. On July 2, 2014, this Court held an omnibus hearing with the parties regarding the status of the twenty-seven transferred cases. In these transferred civil actions, all of the Plaintiffs have the same counsel of record prosecuting their complaints. In seven of these cases, Defendants have filed motions to dismiss, which are now pending before the Court. Defendants' motions to dismiss and related pleadings raise similar facts and identical legal issues. Defendants, represented by various counsel, seek either dismissal of Plaintiff's complaint or Plaintiff's claim alleging denial of minimum wage payments to its restaurant workers under the FLSA. The Court will grant Defendants' motions to dismiss.[1]

**BACKGROUND**

Plaintiffs are servers at Defendant P.F. Chang's China Bistro ("P.F. Chang") and Defendant Arriba Mexican Grill restaurants in Phoenix. It is undisputed that Plaintiffs are tipped employees. See 29 U.S.C. § 203(t) ("'Tipped employee' means any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."). Plaintiffs allege that they are employees engaged in working dual jobs at the restaurants yet only getting paid the tipped wage ($2.13 an hour) for the job not receiving tips. (Doc. 1.) However, Plaintiffs do not allege that their employers paid them less than the overall minimum wage ($7.25 an hour) for the work they performed during their regular forty-hour workweek. (Id.)

In his claim of working dual jobs, Schaefer alleges that as a restaurant server he was "forced to perform minimum wage work at an hourly rate that was less than minimum wage."

---

[1] In Defendants' motions to dismiss, unless otherwise indicated, the Court, rather than cite to each party's separate filings on an issue or argument, will refer to the parties and cite to the documents in the lowest numbered case, which is Schaefer v. P.F. Chang's China Bistro, No. CV 14-185-PHX-SMM.

(Id. at 3.) According to Schaefer, P.F. Chang required him to perform non-tipped work at the tipped hourly rate of $2.13 an hour. (Id. at 4.) Examples of such work included, but were not limited to:

> preparatory and workplace maintenance tasks such as maintaining "backups," restocking supplies, stocking ice, sweeping floors, stocking food/condiments, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, cutting/stocking lemons, washing plates/glasses/silverware, taking out trash, scrubbing walls, dusting, buffing plates, prepping and/or topping off chili oil, white vinegar, and soy sauce, and prepping and/or topping off hot mustard, chili paste, and potsticker sauce.

(Id.)[2] Schaefer alleges that this non-tipped work exceeded 20% of his duties at work. (Id.) P.F. Chang's required him to perform this work before, during, and after his scheduled shifts. (Id. at 8.) Schaefer alleges that these tasks belong to an entirely different category of employment, such as maintenance and cleaning. (Id.) Thus, Schaefer contends that he is entitled to the federal minimum wage for his work done on non-tipped duties, not the tip credit hourly wage because he was working a dual occupation. (Id. at 5, 8.)

Regarding his FLSA burden of proof, Schaefer states that he is unable to state the exact amount owed to him by P.F. Chang. (Id. at 5.) Schaefer requests discovery, and argues that if P.F. Chang has failed to keep complete and accurate time records, he may establish

---

[2]The examples of non-tipped work listed in the following Complaints, Taylor (14-259), Flores (14-260), Llanos (14-261), Romero (14-262), and Fields (14-263) are essentially the same as those listed in Schaefer. For Alarcon (14-465), who was a server at Arriba Mexican Grill, the examples of non-tipped work were very similar to the others, but included a few extra examples:

> preparatory and workplace maintenance tasks such as maintaining "backups," pre- and post-shift duties, restocking supplies, stocking ice, sweeping floors, stocking food/condiments, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, cutting/stocking lemons, washing plates/glasses/silverware, polishing glassware, taking out trash, scrubbing walls, cleaning, dusting, deep cleaning the pass bar, deep cleaning the floors, [], removing booths and cleaning behind and around them, and cleaning restrooms.

(CV 14-465, Doc. 1 at 4.)

- 4 -

1 the number of hours worked in non-tipped tasks by his testimony.

2 P.F. Chang moves to dismiss Count 2, the alleged violation of the FLSA for its minimum wage payments to Schaefer. (Doc. 19.) Schaefer has responded and P.F. Chang replied; the motion is now pending before the Court. (Docs. 21-22.)

**STANDARD OF REVIEW**

Motion to Dismiss

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (further citation and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Id. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). When exercising its discretion to deny leave to amend, a court must be guided by the underlying purpose of Fed. R. Civ. P. 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities. See United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

FLSA

Under the FLSA, employers must pay employees the federal minimum wage "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," according to the statutory schedule of the minimum hourly wage. 29 U.S.C. § 206(a) (2012). In 2007, Congress scheduled the federal minimum wage to increase to $7.25 an hour by July 2009. See Fair Minimum Wage Act of 2007, Pub.L. No. 110–28, § 8102(a), 121 Stat. 112, 188 (raising the minimum wage to $5.85 per hour, effective July 24, 2007, to $6.55 per hour, effective July 24, 2008, and to $7.25 per hour, effective July 24, 2009).

Historically, before 1966, the FLSA did not generally apply to employees in restaurants and hotels. As part of a legislative compromise struck in extending the coverage of the FLSA to these industries for the first time, Congress enacted a "tip credit" provision, to accommodate in part the long-standing practice in these industries whereby workers received most or even all of their income from customer tips. See Pub. L. No. 89-601, §§ 101(a), 201(a), 80 Stat. 830, 833 (1966). Legislative history indicates that Congress's intent was not to disrupt the restaurant industry's "existing practices with regard to tips." See S. Rep. No. 89-1487, *reprinted in* 1966 U.S.C.C.A.N. 3002, 3014.

From introduction of the tip credit provisions in 1966 through 1996, Congress set the amounts for the minimum employer cash wage and tip credit as a percentage of the minimum wage, ranging from 40% to 60%. The 1996 FLSA amendments changed the tip credit provisions to set the employer's statutory minimum cash wage obligation to a dollar amount ($2.13 per hour), rather than a percentage of the minimum wage. See Pub. L. No. 104-188, § 2105, 110 Stat. 1755, 1928-29.[3] The maximum tip credit thereafter became the difference

---

[3] Prior to the 1996 amendment, employers were required to pay tipped employees a cash wage "by an amount determined by the employer, but not an amount in excess of . . . 50 percent of the applicable minimum wage rate after March 31, 1991." 29 U.S.C. § 203(m) (1994). The minimum wage rate after March 31, 1991 and prior to the 1996 amendments was $4.25 an hour. Thus, prior to the 1996 amendments, employers were required to pay a cash wage of at least $2.13. ($4.25 an hour x 0.50 = $2.125 = $2.13 rounded up).

between $2.13 and the federal minimum wage. Id. Thus, the tip credit provision of the FLSA, § 203(m), allows employers to pay tipped employees $2.13 per hour if the employees' tips suffice to fulfill his or her minimum wage for the workweek. 29 U.S.C. § 203(m). Specifically, § 203(m) states:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
>
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996 [i.e., $2.13 per hour]; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

29 U.S.C. § 203(m). Thus, an employer may use a tip credit to determine the wage of a tipped employee if it: (1) pays a cash wage of at least $2.13 per hour; (2) informs its employees of the FLSA's tip credit provisions; (3) permits its employees to retain all their tips (except for permissible tip pooling); and (4) ensures that the cash wage plus the tip credit equal the minimum wage for the forty-hour workweek. See Roberts v. Apple Sauce, Inc., 945 F. Supp.2d 995, 1000 (N.D. Ind. 2013).

Pursuant to 29 C.F.R. § 531.56(d), "[m]ore than $30 a month in tips customarily and regularly received by the employee is a minimum standard that must be met before any wage credit for tips is determined under [29 U.S.C. § 203(m)]." Further, 29 C.F.R. § 516.28, requires that an employer keep separate records for tipped and non-tipped occupations. Generally, employers are required to report on an employee W-2, (1) the sum of the hourly wage paid, (2) the cash tips reported by the employee on Form 4070, and (3) the amount shown by the records to have been paid to the employee as charge tips. See Nat'l Restaurant Assoc. v. Simon, 411 F. Supp. 993, 994 (D. D.C. 1976).

### DISCUSSION

In Count 2 of Schaefer's Complaint, he alleges that P.F. Chang violated the FLSA by failing him to pay him the federal minimum wage in violation of 29 U.S.C. § 206(a). (Doc. 1.) Schaefer states that he was hired by P.F. Chang as an hourly employee in 2008 and

1 worked there until 2013, or approximately five years and six months. (Id.) Schaefer alleges
2 that P.F. Chang did not pay him federal minimum wage in his employment as a server
3 because as a tipped employee and paid at rate of $2.13, he was required to work and spend
4 a substantial amount of time, in excess of 20% of hours worked, performing non-tipped
5 duties (which duties the Court has already summarized). (Id.) As damages, Schaefer alleges
6 that P.F. Chang owes him his full federal minimum wage for time spent performing non-
7 tipped duties. (Id.)

In support of his claim, Schaefer provides the Court with examples of non-tipped work he was required to perform. Schaefer concedes that he is unable to state the exact amount owed to him by P.F. Chang, either on a workweek basis or a total basis, but will obtain and determine such an amount during discovery.[4]  (Doc. 1 at 5.)

Based on both 29 U.S.C. § 206(a) and C.F.R. § 531.56(e), P.F. Chang contends that Schaefer's federal minimum wage count is subject to dismissal. (Doc. 19 at 2.) P.F. Chang contends that Schaefer was not working two separate jobs, both as a tipped employee and a non-tipped employee. (Id.) According to P.F. Chang, both the statute and the regulation focus on an employee's occupation and that the regulation, § 531.56(e), construing the statute, allows tipped employees to perform related job duties without becoming classified as a dual employee. (Id. at 4-5.) P.F. Chang maintains that Schaefer was only performing related duties incidental to his occupation as a server, not working dual jobs. (Id.)

Moreover, P.F. Chang contends that Schaefer has not provided any degree of specificity as to any date he worked at these non-tipped duties, how long each took, or how often they were done. (Doc. 22.) According to P.F. Chang, Schaefer merely claimed in conclusory fashion that he spent more than 20% of his time performing the non-tipped duties. (Id.)

---

[4] In fact, there is a lack of specific allegations in support of any particular date on which the Plaintiffs claim to have performed any or all of the alleged non-tipped duties. The allegations in each complaint are virtually identical. See Taylor, 14-259, Doc. 1 at 5; Flores, 14-260, Doc. 1 at 5; Llanos, 14-261, Doc. 1 at 5; Romero, 14-262, Doc. 1 at 5; Fields, 14-263, Doc. 1 at 5; and Alarcon, 14-465, Doc. 1 at 5.

- 8 -

1 Schaefer responds that a Department of Labor ("DOL") sub-regulation limits the amount of related duties that a tipped employee can perform and that if a tipped employee spends a substantial amount of time, or more than 20% of their workweek engaged in related but non-tipping work, they must be paid the full minimum wage for the time spent performing the non-tipped work.[5] (Doc. 21 at 5-7.) Schaefer asks the Court to defer to DOL's subregulation and deny dismissal of his federal minimum wage claim.

*No Minimum Wage Violation*

The Court agrees with P.F. Chang and finds that the Complaint fails to state a minimum-wage claim under the FLSA. The Supreme Court has emphasized the importance of paying an employee's minimum wage on a weekly basis. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707-07 (1945) (stating that "employees receiving less than the statutory minimum are not likely to have sufficient resources to maintain their efficiency and well-being"); see also Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 739 (1981). Under 29 U.S.C. § 206, the FLSA requires that for every workweek "every employer shall pay to each of [its] employees," the federal minimum wage, except for tipped employees, who receive $2.13 an hour, with the rest of their federal minimum wage coming from customer tips. See 29 U.S.C. § 206(a)(1), § 203(m), § 203(t). Thus, under § 203(m)'s tip credit, employers may pay tipped employees at an hourly wage below the minimum wage, provided that for the workweek the hourly wage and the employees' tips, taken together are at least equivalent to the minimum wage.

The Court finds that whether Schaefer is able to state a FLSA minimum wage violation depends on the total pay for the workweek divided by the total number of hours worked in that workweek. This "workweek" concept is well-supported in the caselaw, starting with the seminal case of United States v. Klinghoffer Bros. Realty Corp., 285 F.2d

---

[5]See U.S. Dept. of Labor, Wage and Hour Division, Field Operations Handbook, § 30d00(e) (1988). Regarding this sub-regulation, the Court notes that the regulation at issue, 29 C.F.R. §531.56(e), does not cap the amount of hours that servers may perform related non-tipped duties before becoming classified as a dual employee, having both tipped and non-tipped occupations.

487 (2d Cir. 1961). In Klinghoffer, employees who had not been paid for certain hours worked claimed a violation of the FLSA's minimum wage provision. The Klinghoffer court found that:

> [i]f the total wage paid to each [employee] in this case during any given week is divided by the total time he worked that week, the resulting average hourly wage exceeds [the minimum wage required by the FLSA]. We believe this is all that is necessary to meet the requirements of 206(a).

Id. at 490. The Ninth Circuit has followed the "workweek" concept established in Klinghoffer for FLSA minimum wage violations. See Adair v. City of Kirkland, 185 F.3d 1055, 1063 (9th Cir. 1999) (stating that "[T]he district court properly rejected any minimum wage claim the officers might have brought by finding that their salary, when averaged across their total time worked, still paid them above the minimum wage."); accord Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986); Dove v. Coupe, 759 F.2d 167, 172 (D.C. Cir. 1985); Blankenship v. Thurston Motor Lines, 415 F.2d 1193, 1198 (4th Cir. 1969). While § 206 of the FLSA speaks of an hourly wage, an employer's failure to compensate an employee for particular hours worked does not necessarily violate the minimum wage provision. See Dove, 759 F.2d at 171. That is because the workweek as a whole, not each individual hour within the workweek, determines whether an employer has complied with § 206(a). Id.; see 29 C.F.R. § 776.4(a) ("The workweek is to be taken as the standard in determining the applicability of the Act."); see also Hart v. Crab Addison, Inc., No. CV 13-6458, 2014 WL 2865899 (W.D.N.Y. June 24, 2014) (finding that servers at Joe's Crabshack did not state an FLSA claim based on their allegations that they engaged in non-tipped duties more than 20% of their shift because they had shown no § 206(a) minimum wage violation). Thus, no minimum wage violation occurs so long as the employer's total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the minimum wage rate. See Adair, 185 F.3d at 1062 n.6.

The Court finds persuasive and reaches the same findings here as the court did regarding the servers in the Joe's Crab Shack case. See Hart, 2014 WL 2865899 at *11. Even though Schaefer may allege in conclusory fashion that he was paid less than minimum

wage, his complaint pertains to examples of tasks that P.F. Chang asked him to perform that allegedly were not incidental to his job as a server. Such allegations do not state a minimum wage claim since the pleading never alleges that during any particular week, the average of his hourly wages was less than the federal minimum wage. See id. Federal minimum wage claims fail where the aggregate wages for a work week, "when averaged across the[] total time worked," is equal to or in excess of the minimum wage. Adair, 185 F.3d at 1063. Thus, regardless of the frequency with which non-tipped work was assigned, no minimum wage claim is stated against P.F. Chang unless Schaefer's average wage for the week, including tips, fell below the minimum wage.

Consequently, the Court need not reach, and does not reach, the issue of whether or to what extent deference may be owed to the DOL subregulation, § 30d00(e), as argued by Schaefer. In this case, Schaefer does not allege that P.F. Chang did not pay him his minimum wage for a particular workweek.

*Dual Jobs Claim*

Schaefer has not raised contentions against the rationale relied upon by the Court in finding that he has failed to state a FLSA § 206(a) minimum wage claim. However, in order to avoid dismissal of his FLSA claim, Schaefer asks the Court to rely on the Department of Labor ("DOL") sub-regulation, § 30d00(e), that limits the amount of related duties a tipped employee can perform and that if a tipped employee spends a substantial amount of time, or more than 20% of their workweek engaged in non-tipping work, they are engaged in dual jobs and must be paid the full minimum wage for the time spent performing the non-tipped work. (Doc. 21 at 5-7.) Schaefer contends that P.F. Chang failed to comply with the FLSA's § 203(m) tip credit provision because P.F. Chang made him perform non-tipped work in excess of 20% of his workweek and only paid him $2.13 an hour for the non-tipped work. In support, Schaefer relies on Fast v. Applebee's Int'l, Inc., 638 F.3d 872 (8th Cir. 2011) and Crate v. Q's Rest. Grp., No. CV 8:13-2549, 2014 U.S. Dist. Lexis 61360 (M.D. Fl. May 2, 2014).

P.F. Chang responds that the Ninth Circuit Court of Appeals has not recognized a

1 separate cause of action under § 203(m) of the FLSA. (Docs. 19, 22.) Second, it contends
2 that even if the FLSA did authorize a separate cause of action under § 203(m), there was no
3 violation of FLSA here because the applicable regulation, § 531.56(e), allows for tipped food
4 service personnel to perform related and incidental tasks related to their main job without
5 becoming a dual job employee. (Id.) Finally, even if there was a § 203(m) cause of action
6 for tipped food service personnel regarding non-incidental tasks, Schaefer has not provided
7 any degree of specificity as to any date he worked at these non-tipped duties, how long each
8 took, or how often they were done. (Doc. 22.)

9 P.F. Chang's arguments and contentions are well-taken. The Supreme Court has made
10 it clear that an employment practice does not violate the FLSA unless the FLSA prohibits it.
11 Christensen v. Harris Cnty., 529 U.S. 576, 588 (2000).[6] The FLSA creates a private right of
12 action against any employer who violates § 206 (the minimum wage requirement) or § 207
13 (the overtime compensation requirement). See 29 U.S.C. § 216(b). Section 216 permits
14 employees to recover from the employer "the amount of their unpaid minimum wages, or
15 their unpaid overtime compensation." Id. Section 216 does not, however, authorize a direct
16 right of action for a violation of § 203(m). Rather, if an employer has not notified tipped
17 employees that their wages are being reduced pursuant to the FLSA's tip-credit provision
18 under § 203(m), the offending employer loses the right to claim the tip credit in satisfaction
19 of its minimum wage obligation to the employee. See Reich v. Chez Robert, Inc., 28 F.3d
20 401, 404 (3rd Cir. 1994). Thus, in a case where an employee is claiming unpaid minimum
21 wages, it is § 206(a), not § 203(m) which provides the employee with a private right of action

---

[6] Given this Supreme Court in mandate in Christensen, and the lack of any controlling Ninth Circuit precedent, the Court does not follow or adopt the rationale of giving deference to DOL's sub-regulation, § 30d00(e) by other courts under the facts of this case. See, e.g., Fast, 638 F.3d 872 and Crate, 2014 U.S. Dist. Lexis 61360. In this case, there is no allegation that the employees did not receive their minimum wage payments for any particular workweek. Moreover, as already noted, the applicable regulation, 29 C.F.R. §531.56(e), does not cap the amount of hours that servers may perform related non-tipped duties before becoming classified as a dual employee, having both tipped and non-tipped occupations.

1 for an alleged minimum wage violation of the FLSA.

2 The Court has already determined that Schaefer's complaint does not state a federal
3 minimum wage claim under § 206(a). The Court now finds that Schaefer does not have a
4 private right of action to bring an action solely under § 203(m) when Schaefer does not allege
5 that P.F. Chang failed to pay him minimum wage for the applicable workweeks. Thus, the
6 Court need not reach P.F. Chang's arguments conditionally made in the event that Schaefer
7 could maintain a private right of action solely under § 203(m).

## CONCLUSION

9 The Court will dismiss Plaintiffs' FLSA claims because they lack both "a cognizable
10 legal theory" and because they fail to allege sufficient facts to support a cognizable legal
11 claim. See SmileCare Dental Group, 88 F.3d at 783. The Court will permit leave to amend
12 if Plaintiffs actually have actionable FLSA minimum wage claims. In this regard, the Court
13 would expect that Plaintiffs would be able to provide some specific information to support
14 that they were allegedly paid less than minimum wage for a particular workweek period. The
15 Court recognizes that it is an employees' memory and experience that lead them to claim that
16 they have been denied the minimum wage in violation of the FLSA. The Court will require
17 that Plaintiffs draw on those resources in providing an amended complaint with sufficiently
18 developed factual allegations.

19 Accordingly,

20 **IT IS HEREBY ORDERED** in CV 14-185, granting P.F. Chang's motion to dismiss
21 Count II. (Doc. 19.) If Schaefer concludes that he has an actionable FLSA claim under
22 Count II, his motion for leave to amend Count II is due on **Friday, August 15, 2014.**

23 **IT IS FURTHER ORDERED** in CV 14-259, granting P.F. Chang's motion to
24 dismiss Count II (Doc. 4) and denying P.F. Chang's motion to strike notice of supplemental
25 authority (Doc. 9). If Taylor concludes that she has an actionable FLSA claim under Count
26 II, her motion for leave to amend Count II is due on **Friday, August 15, 2014**.

27 **IT IS FURTHER ORDERED** in CV 14-260, granting P.F. Chang's motion to
28 dismiss Count III (Doc. 4) and denying P.F. Chang's motion to strike notice of supplemental

1 authority (Doc. 9). If Flores concludes that he has an actionable FLSA claim under Count
2 III, his motion for leave to amend Count II is due on **Friday, August 15, 2014**.

3       **IT IS FURTHER ORDERED** in CV 14-261, granting P.F. Chang's motion to
4 dismiss the Complaint. (Doc. 8) and denying P.F. Chang's motion to strike notice of
5 supplemental authority (Doc. 13). If Llanos concludes that he has an actionable FLSA claim,
6 his motion for leave to amend his complaint is due on **Friday, August 15, 2014**.

7       **IT IS FURTHER ORDERED** in CV 14-262, granting P.F. Chang's motion to
8 dismiss the Complaint. (Doc. 6) and denying P.F. Chang's motion to strike notice of
9 supplemental authority (Doc. 11). If Romero concludes that she has an actionable FLSA
10 claim, her motion for leave to amend her complaint is due on **Friday, August 15, 2014**.

11       **IT IS FURTHER ORDERED** in CV 14-263, granting P.F. Chang's motion to
12 dismiss the Complaint. (Doc. 10) and denying P.F. Chang's motion to strike notice of
13 supplemental authority (Doc. 15). If Fields concludes that he has an actionable FLSA claim,
14 his motion for leave to amend his complaint is due on **Friday, August 15, 2014**.

15       **IT IS FURTHER ORDERED** in CV 14-465, granting Arriba Grill's motion to
16 dismiss the Complaint. (Doc. 12) and denying Arriba Grill's motion to strike notice of
17 supplemental authority (Doc. 22). If Alarcon concludes that she has an actionable FLSA
18 claim, her motion for leave to amend her complaint is due on **Friday, August 15, 2014**.

19       **IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order
20 to all counsel of record in the other cases that participated in the omnibus hearing but are not
21 part of these motion to dismiss proceedings, specifically to counsel in CV 14-51, CV 14-264,
22 CV 14-265, CV 14-295, CV 14-349, CV 14-351, CV 14-464, CV 14-475, CV 14-517, CV
23 14-601, CV 14-639, CV 14-682, CV 14-766, CV 14-768, CV 14-769, CV 14-1038, CV 14-
24 1243, CV 14-1244, CV 14-1370, and CV 14-1467.

25       DATED this 1st day of August, 2014.

Stephen M. McNamee
Senior United States District Judge